UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>LINDA SMITH, an individual; ROSE STOUT SMITH, an individual; and SEAN SMITH, as Executor of the Estate of Jeffrey P. Smith,<br><br>Defendants. | Case No. 2:20-cv-00006-APG-BNW<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 17] |

Wells Fargo Bank, National Association filed this interpleader action due to competing claims for control over an Individual Retirement Account in the name of decedent Jeffrey P. Smith. Wells Fargo has identified three possible claimants to the Smith IRA: (1) Linda Smith, the named beneficiary on the account and ex-wife of the decedent, (2) Rose Stout Smith, the decedent's spouse at the time of his death, and (3) Sean Smith as executor of the Estate of the decedent. Only Sean Smith as Executor has answered the Complaint in Interpleader and made a claim upon the proceeds in the IRA.

Wells Fargo now requests default judgment against defendants Linda Smith and Rose and permitting Wells Fargo to interplead the IRA. ECF No. 17. Wells Fargo further suggests that because the executor Sean Smith is the only remaining claimant, default judgment should be entered in favor of the executor, thus awarding control of the IRA to the executor of decedent's estate. Finally, Wells Fargo requests an award of costs and fees.

**I.      Default Judgment**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Wells Fargo has satisfied the procedural requirements for default judgment. The clerk properly entered a default against both Linda Smith and Rose Smith. ECF Nos. 14-15. Because neither of them has answered or otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

Turning to the *Eitel* factors, the first factor considers whether Wells Fargo will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, the clerk entered default against Linda and Rose Smith for their failure to respond to the complaint and defend the lawsuit. Wells Fargo will suffer prejudice if default judgment is not entered as it may leave Wells Fargo open to litigation with the non-appearing defendants in the future over the disposition of the funds. Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); see also Fed. R. Civ. P. 8. Wells Fargo's interpleader complaint adequately states the controversy over who is entitled to the funds. An interpleader action serves two purposes by both protecting the interpleader from multiple claims and limiting litigation expenses. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). This is an appropriate claim for Wells Fargo to make here. Specifically, "the plaintiff has benefited the claimants by promoting early litigation on ownership of the [IRA], thus preventing dissipation . . . ." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962). Both federal law and the Rules of Civil Procedure contemplate interpleader actions where a plaintiff may be exposed to multiple liability. Fed. R. Civ. P. 22(a)(1); 28 U.S.C. § 1335.

Moreover, in order for an interpleader to be proper, the interpleading plaintiff must be potentially liable to multiple defendants. Here, the Complaint identifies all potential claimants to the IRA including the former spouse who was the named beneficiary on the IRA, the current spouse at the time of the account-holder's death, and the Executor of the decedent's estate. The

Complaint also properly identifies the account, the account holder, and the proceeds remaining in the account. The only remaining defendant has answered and made a claim on the IRA. Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters.*, Inc., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. The amount of the IRA at the time Wells Fargo filed its complaint was $1,181,245.21. Wells Fargo does not claim an interest in the IRA and seeks no money beyond fees and costs related to bringing this action. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is no likelihood of a dispute concerning material facts here because Wells Fargo does not claim any ownership interest in the IRA and only the Executor of the decedent's estate has asserted a claim. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Both Linda Smith and Rose Smith were aware of this action by virtue of the service of the Summons and Complaint. *See* Proof of Service, ECF No. 10. Rose Smith acknowledged service of both the Summons and Complaint. ECF No. 9. There is no evidence that the defendants' failure to respond is the result of excusable neglect. *United States v.*

*High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The defendants' failure to respond to the complaint often "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. But, as here, "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Primera Life Ins. Co. v. Briggs*, 2:14-cv-02146-GMN-PAL, 2016 WL 1294411, at *2 (D. Nev. Mar. 18, 2016), citing *Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984). A properly served defendant in an interpleader action "forfeits any claim of entitlement that might have been asserted." *Id.* (internal citation omitted). Parties that fail to answer or appear waive their rights or interests in the interpleader action and the object of the interpleader. *Id.* at *3. The Executor is the only appearing defendant here and neither of the other defendants has contested this interpleader action. Therefore, both Wells Fargo's claim for interpleader and the Executor's claim over the IRA are unopposed.

Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but there would be nothing left to litigate if I granted the interpleader but denied judgment in favor of the Executor. Thus, default judgment in favor Wells Fargo and the only remaining defendant and against Linda Smith and Rose Smith is warranted.

/ / / /

## II. Wells Fargo's Request for Costs and Fees

The court "has discretionary authority to award attorneys' fees to the disinterested stakeholder." *Premier Trust, Inc. v. Duvall*, 559 F. Supp. 2d 1109, 1117 (D. Nev. 2008). An award of costs and fees is appropriate "because 'the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation,' and the interpleading party 'should be awarded fees for the services of his attorneys in interpleading.'" *John Hancock Life Ins. Co. (U.S.A.) v. Jacobs*, 2:13-cv-557-APG-GWF, 2014 WL 587521, at *2 (D. Nev. Feb. 13, 2014), quoting *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193-94 (9th Cir. 1962). And a plaintiff should not have to pay fees to protect itself against multiple lawsuits. *Schirmer Stevedoring Co., Ltd.*, 306 F.2d at 193. The fees are limited to those incurred in filing the action and pursuing the plaintiff's release from liability, "not in litigating the merits of the adverse claimants' positions." *Trustees of Directors Guild of Am. v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

An award of attorney's fees is subject to the lodestar factors set forth by the U.S. Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). First, the court determines a reasonable fee by multiplying the number of hours by a reasonable hourly rate. *Id*. The court then determines whether to adjust the calculation using the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  However, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guaran tee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Wells Fargo presented evidence that three attorneys worked on this case, spending 41.1 hours of time at an effective rate of $554.55 per hour for a total of $22,792 in fees.  The attorneys representing Wells Fargo have a combined total of over 85 years of legal experience in litigation, estate planning, inheritance law, and other less-relevant fields.  The rates charged and hours worked are reasonable in light of the record and the prevailing rates charged by attorneys in the area. I calculate the lodestar amount to be $22,792.  Considering the *Kerr* factors, no adjustment is needed.  Additionally, the requested costs in the amount of $736.70—mostly consisting of the filing fee, service of process fee, and legal research—are reasonable.  Thus, I award fees and costs in the amount of $23,528.70.

**III.     Conclusion**

I THEREFORE ORDER that Plaintiff Wells Fargo Bank, National Association's Application for Default Judgment **(ECF No. 17) is granted**.  The beneficiary of the IRA of decedent Jeffrey P. Smith is Sean Smith as executor of the estate of Jeffrey P. Smith.  I award Wells Fargo $23,528.70 in fees and costs, payable from the IRA.  Wells Fargo shall pay the balance of the IRA to Sean Smith as executor of the estate of Jeffrey P. Smith.  I dismiss all other claims as moot.  I enjoin defendants Linda and Rose Smith from bringing any future lawsuit or claim against Wells Fargo relating to the IRA.  The clerk of the court shall enter judgment accordingly and close this file.

Dated:  May 13, 2020.

                                                                              _____
                                                                              ANDREW P. GORDON
                                                                              UNITED STATES DISTRICT JUDGE